IN THE UNITED STATED DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CNH AMERICA LLC and BLUE LEAF I.P., INC.,<br><br>    Plaintiffs,<br><br>        v.<br><br>JON E. KINZENBAW and KINZE MANUFACTURING, INC.,<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)   C.A. No. 08-945 (GMS)<br>)<br>)<br>)<br>)<br>)<br>) |

**MEMORANDUM**

### I.  INTRODUCTION

On December 16, 2008, plaintiffs CNH America LLC and Blue Leaf I.P., Inc. (collectively, "CNH") filed the instant action against Jon E. Kinzenbaw ("Kinzenbaw") and Kinze Manufacturing, Inc. ("Kinze") (collectively, "the defendants"). CNH alleges that agricultural equipment manufactured by Kinze infringes United States Patent Nos. 5,842,428 and 6,109,193. (*See* D.I. 1.) Presently before the court is the defendants' motion to dismiss for lack of subject matter jurisdiction and improper venue, and to transfer venue (D.I. 25). For the following reasons, the court will grant the defendants' motion in part, deny it in part, and dismiss Kinzenbaw from this case.

### II.  DISCUSSION

#### A.  **Personal Jurisdiction**

Kinzenbaw moves to dismiss the complaint against him for lack of personal jurisdiction. (D.I. 25.) In its complaint, the only basis upon which the plaintiffs assert that this court has personal jurisdiction over Kinzenbaw is that Kinze is the alter ego of Kinzenbaw. Specifically, the complaint alleges, in pertinent part, that:

> On information and belief, Kinzenbaw is the principal owner, president and CEO of Defendant Kinze Manufacturing. . . . On information and belief, Kinzenbaw

> considers himself interchangeable with the Kinze Manufacturing corporate entity and personally directed and controlled acts of infringement, including willful acts of infringement by Kinze Manufacturing.
>
> *****
>
> 9.  Kinzebaw, by virtue of his ownership and complete and direct control of Kinze Manufacturing, is also subject to personal jurisdiction based on [Kinze's] widespread and continuous contacts . . . in this judicial district . . . .

(D.I. 1 ¶3.) It is well established, however, that mere ownership or direction of a corporate entity, without more, is not sufficient to establish that the corporate form should be disregarded. In order for the corporate form to be disregarded under the alter ego doctrine, the plaintiff must show "some fraud, injustice, or inequity in the use of the corporate form." *E.g., Boston Scientific Corp. v. Wall Cardiovascular Technologies, LLC*, No. 08-cv-489, 2009 WL 2600657, at *6 (Aug. 24, 2009) (quoting *C.R. Bard, Inc. v. Guidant Corp.*, 997 F. Supp. 556, 559 (D. Del. 1998)). The factors that courts examine when determining whether to disregard the corporate form include:

> whether the corporation was adequately capitalized for the corporate undertaking; whether the corporation was solvent; whether dividends were paid, corporate records kept, officers and directors functioned properly, and other corporate formalities were observed; whether the dominant shareholder siphoned corporate funds; and whether, in general, the corporation simply functioned as a facade for the dominant shareholder.

*U.S. v. Golden Acres, Inc.*, 702 F. Supp. 1097, 1104 (D. Del. 1988).

In this case, the allegations of infringement made in the complaint are directed at Kinze. In its answering brief, CNH does allege a number of facts indicating a failure to observe corporate formalities, but the disregard of formalities is but one factor in determining whether the corporate form should be disregarded. CNH does not contend that Kinze is inadequately capitalized, insolvent, or has been subjected to improper distributions or the siphoning of corporate funds. There is also

no allegation that Kinze would be unable to pay any judgment made against it, nor that Kinzenbaw's position in the company has adversely affected Kinze's ability to answer for its debts. Most important, CNH does not seem to allege that any fraudulent, unjust, or inequitable consequences have stemmed from the alleged disregard of corporate formalities at Kinze. As CNH itself asserts in its brief, "[a]lter ego liability and corporate veil piercing theories function to prevent an independent corporation from being used to accomplish injustice or evade the law." (D.I. 55 at 11.) In this case, however, CNH's pleadings do not suggest that such injustice or evasion is occurring. Under these circumstances, the court will not disregard the corporate form.[1] Since CNH pleads no other basis for the exercise of personal jurisdiction over Kinzenbaw, the court will grant the motion to dismiss for lack of personal jurisdiction with respect to Kinzenbaw.

B. **Transfer of Venue**

Since Kinzenbaw is being dismissed as a defendant from this case, the court need only consider the motion to transfer venue with respect to Kinze. Pursuant to Section 1404(a), the court may transfer a civil action "for the convenience of parties and witnesses, in the interest of justice, . . . to any other district . . . where it might have been brought." 28 U.S.C. § 1404(a). The burden to establish the need to transfer rests on the moving party, and the "plaintiff's choice of venue [will]

---

[1] In its answering brief, CNH does allege that Kinzenbaw "has the unchecked *right* to determine what happens to annual profits" and "to siphon all of the money out of [Kinze] at any time - leaving Case IH holding an empty bag if significant damages are awarded." (D.I. 55 at 1, 3 (emphasis added).) However, CNH does not allege that Kinzenbaw has exercised his apparently significant position in the company to *actually* undercapitalize or siphon funds from Kinze or affect any other fraud, injustice, or inequity demanding that the court disregard the corporate form. Had CNH pleadings alleged that Kinzenbaw had actually engaged in such activities and utilized his position in Kinze to accomplish injustice, the question would be much closer, but the mere "possibility that a plaintiff may have difficulty enforcing a judgment is not an injustice warranting piercing the corporate veil." *Trevino v. Merscorp, Inc.*, 583 F. Supp. 2d 521, 530 (D. Del. 2008).

not be lightly disturbed." *Truth Hardware Corp. v. Ashland Prods., Inc.*, No. C.A. 02-1541 GMS, 2003 WL 118005, at *1 (D. Del. Jan. 13, 2003) (quoting *Jumara v. State Farm Inc. Co.*, 55 F.3d 873, 879 (3d Cir. 1995)). In other words, "unless the balance of convenience strongly favors a transfer in favor of [the] defendant, the plaintiff's choice of forum should prevail." *Shutte v. Armco Steel Corp.*, 431 F.2d 22, 25 (3d Cir. 1970). This is particularly true in cases where the plaintiff is a corporate entity that is incorporated in Delaware, "because a corporation's decision to incorporate in a particular state is a rational and legitimate reason to choose to litigate in that state." *TriStrata Technology, Inc. v. Emulgen Laboratories, Inc.*, 537 F. Supp. 2d 635, 643 (D. Del. 2008).

When considering a motion to transfer, the court must determine "whether on balance the litigation would more conveniently proceed and the interest of justice be better served by transfer to a different forum." *Jumara*, 55 F.3d at 879. This inquiry requires "a multi-factor balancing test," embracing not only the statutory criteria of convenience of the parties and the witnesses and the interest of justice, but all relevant factors, including many variants of the private and public interests. *Id.* at 875. The private interests include the plaintiff's forum preference as manifested in the original choice, the defendant's preference, whether the claim arose elsewhere, the convenience of the parties as indicated by their physical and financial condition, the convenience of the expected witnesses, but only to the extent that the witnesses may actually be unavailable for trial in one of the fora, and the location of books and records, but only to the extent that they could not be produced in the alternative forum.[2] *Id.* at 879. Among the relevant public interests include the enforceability of the judgment; practical considerations that could make the trial easy, expeditious, or inexpensive; the

---

[2] The first three of these private interest factors collapse into other portions of the *Jumara* analysis. Thus, the court will consider them in the context of the entire inquiry only. *See Affymetrix, Inc. v. Synteni, Inc.*, 28 F. Supp. 2d 192 (D. Del. 1998).

relative administrative difficulty in the two fora resulting from court congestion; and the local interest in deciding local controversies at home, the public policies of the fora. *Id.* at 879-80.

In this case, Kinze has failed to make a showing sufficient to establish that CNH's choice of venue should be disturbed. Kinze does not contend that the court lacks personal jurisdiction over Kinze, that venue is improper with respect to Kinze, or that Kinze lacks the resources to litigate this case in Delaware. Most of Kinze's arguments with respect to why the case should be transferred to Iowa appear to stem from its belief that litigating in case in Iowa would be more convenient for itself. While a defendant's preferred venue is a factor that the court considers, it is not sufficient to displace the plaintiff's own choice of venue.

Kinze's arguments relating to the inconvenience of litigating the case in Delaware are not availing. Potential witnesses based outside Delaware can be deposed in their home states, and in general, "progress in communications and transportation has made the defense of a lawsuit in a foreign tribunal less burdensome." *Energy Transp. Group, Inc. v. William Demant Holding A/S*, No. 05-cv-422, 2008 WL 78748, at *5 (D. Del., Jan. 4, 2008) (quoting *Beverly Hills Fan Co. v. Royal Sovereign Corp.*, 21 F.3d 1558, 1569 (Fed. Cir. 1994)). Kinze's brief does not indicate that any witnesses will be unavailable for deposition or trial unless venue is changed, or that documents necessary for trial could not be shipped or otherwise produced in Delaware. Furthermore, while Kinze insists that the vast majority of its own documents and witnesses are located in Delaware, it does not contend that the same is true of CNH, which asserts that its fact witnesses likely will be from Pennsylvania, Wisconsin, and Illinois; that its trial counsel are based in California and Washington, D.C.; and that the parties' technical experts work in Chicago and Michigan. (*See* D.I. 55 at 18.) Under these circumstances, the court will not disturb the plaintiff's choice of venue.

## III. CONCLUSION

For the reasons stated above, the court will grant in part and deny in part the defendants' motion to dismiss for lack of subject matter jurisdiction and improper venue and to transfer venue (D.I. 25), and will dismiss Kinzenbaw as a defendant.

Dated: November 9, 2009

_____
UNITED STATES DISTRICT JUDGE

IN THE UNITED STATED DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| CNH AMERICA LLC and BLUE LEAF I.P., INC., | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | C.A. No. 08-945 (GMS) |
| JON E. KINZENBAW and KINZE MANUFACTURING, INC., | ) ) ) ) | |
| Defendants. | ) | |

## ORDER

For the reasons stated in the court's memorandum of this same date, IT IS HEREBY ORDERED that:

1. The defendants' Motion to Dismiss for Lack of Jurisdiction Over the Person and Improper Venue, and to Transfer Venue (D.I. 25) is GRANTED IN PART AND DENIED IN PART.

2. Jon E. Kinzenbaw is dismissed as a defendant.

Dated: November 9, 2009

UNITED STATES DISTRICT JUDGE